**UNITED STATES of America**

v.

**Anuradha D. SAAD and Richard P. Adelson, Defendants.**

**No. 05 CR. 325(JSR).**

United States District Court, S.D. New York.

Aug. 7, 2005.

Alexander H. Southwell, Raymond Joseph Lohier, Jr, U.S. Attorney's Office, SDNY, New York City, for Plaintiff.

Peggy M. Cross, Stillman and Friedman, Richard P. Adelson, Hoffman Einger, Kaye Scholer, Michael A. Rogoff, Kaye, Scholer, Fierman, Hays & Hardler, New York City, Mark S. Arisohn, Goldman Gruder & Wood, Norwalk, CT, for Defendant.

## MEMORANDUM ORDER

RAKOFF, District Judge.

On June 3, 2005, the Court denied from the bench most of defendants' preliminary motions, but reserved judgment on defendant Saad's motion to sever Counts 4 and 5 from the indictment on grounds of improper joinder and/or prejudice. *See* Order, 6/3/05. Having received further briefing on that remaining motion, the Court now denies Saad's motion to sever Counts 4 and 5, for the following reasons.

Defendants were charged on March 28, 2005, in a single indictment, with 13 counts. Counts 1 through 3 and 6 through 13 charged the defendants (sometimes individually and sometimes jointly) with committing and conspiring to commit securities fraud by falsely inflating, in required filings with the U.S. Securities and Exchange Commission ("SEC"), the reported revenues of Impath, Inc., the company of which Saad was then Chief Executive Officer and Chairman and Adelson was then Chief Operating Officer. *See* Indictment ¶¶ 6–7, 64–73, 76–77. The other two counts, Counts 4 and 5, charged Saad alone with falsely reporting personal purchases as business expenses, and thereby underreporting her compensation, in proxy statements required to be filed with the SEC. *Id.* ¶¶ 74–75. In the instant motion, Saad seeks to sever the proxy fraud counts from the other securities fraud counts, asserting that the two sets of counts are improperly joined, *see* Fed.R.Crim.P. 8, and that, in any event, joinder is prejudicial, *see* Fed.R.Crim.P. 14.

In a multiple-defendant case, a motion by one defendant to sever counts for improper joinder must be assessed pursuant to the standard set forth in Rule 8(b) of the Federal Rules of Criminal Procedure. Although this is not obvious from the plain language of Rule 8(b), which speaks to joinder of "defendants" while Rule 8(a) speaks to joinder of "offenses," Second Circuit precedent mandates the use of Rule 8(b) for all severance motions in multi-defendant cases. *See United States v. Turoff*, 853 F.2d 1037, 1043–44 (2d Cir. 1988); *United States v. Papadakis*, 510 F.2d 287, 299–300 (2d Cir.1975).[1]

---

1. Since, as applied to this case, the standard for joinder under 8(b) is, if anything, more demanding than the standard for joinder under 8(a), the result here would be the same even if 8(a) were applicable.

■ Under Rule 8(b), joinder is proper where the allegations stem from "the same series of acts or transactions, constituting an offense or offenses." Fed.R.Crim.P. 8(b). Joinder is proper where allegations are "unified by some substantial identity of facts or participants" or "arise out of a common plan or scheme." *See United States v. Attanasio,* 870 F.2d 809, 815 (2d Cir.1989).

■ Here, there is both a substantial overlap in facts and participants and a common scheme unifying the proxy fraud counts with the other securities fraud counts. Saad is alleged to have participated in both frauds, both are alleged to have occurred during her tenure as CEO of Impath, and Saad allegedly made use of her professional position to further both schemes. Indictment ¶¶ 54–60, 75. The proxy fraud and the other securities frauds are further connected by the common motivation to mislead shareholders for the purpose of improving the financial and professional position of those participating in the fraud. *Cf. United States v. Feyrer,* 333 F.3d 110, 114 (2d Cir.2003) (finding joinder of wire fraud and securities fraud conspiracies proper where the conspiracies occurred during the same time period, shared participants, and had a common plan of "generat[ing] income for [the participants] through fraudulent stock transactions."); *United States v. Rittweger,* 259 F.Supp.2d 275, 284 (S.D.N.Y.2003) (finding joinder proper where two of five conspirators overlapped, where the schemes occurred at approximately the same time, and where both schemes were efforts to fraudulently induce investment). The counts are therefore properly joined pursuant to Rule 8(b).

■ Furthermore, the potential for prejudice resulting from trying the counts together is insufficient to warrant severance under Federal Rule of Criminal Procedure 14(a). Where, as here, joinder is proper, "a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States,* 506 U.S. 534, 539, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993). Accordingly, "a defendant who seeks separate trials under Rule 14 carries a heavy burden of showing that joinder will result in 'substantial prejudice.'" *United States v. Amato,* 15 F.3d 230, 237 (2d Cir.1994) (quoting *Turoff,* 853 F.2d at 1043). Saad suggests that if the counts remain joined, she might be deterred from taking the stand to testify about the proxy fraud for fear of thereby compromising her ability to not take the stand regarding the other frauds. All of this, and similar suggestions made by Saad as to how the joinder of these counts will place the two defendants in an adversarial position that they would not have in defending the other counts, is highly speculative. Although "prejudice may develop when an accused wishes to testify on one but not the other of two joined offenses, . . . a mere unexplicated assertion of the desire to testify on only one count is not enough to require severance." *United States v. Sampson,* 385 F.3d 183, 190–91 (2d Cir.2004) (internal quotation marks and citations omitted). Here, Saad relies on such an "unexplicated assertion," and this alone will not meet her heavy burden.

Saad further argues that she will be prejudiced by the admission of evidence related to the proxy fraud that would not be admissible in a separate trial on the other securities fraud. Once again, Saad's concerns about such prejudice are purely speculative, and in any case do not amount to the substantial prejudice required for joinder. Moreover, it is likely that the

evidence relevant to the proxy fraud would be admissible in a separate trial on the other securities fraud, either pursuant to Federal Rule of Evidence 404(b) and/or because Adelson has indicated that he intends to introduce evidence of Saad's alleged proxy fraud, which he claims to have discovered, in his defense. When evidence of the charge to be severed is admissible by other means, there can be no prejudice from joining the counts and severance under Rule 14 is unnecessary. *See United States v. Lane*, 474 U.S. 438, 450, 106 S.Ct. 725, 88 L.Ed.2d 814 (1986).

Accordingly, for the reasons stated above, Saad's motion to sever Counts 4 and 5 from the remaining counts in the indictment against her and Adelson is hereby denied.

SO ORDERED.